MARIE E. MEIER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23363. Promulgated February 26, 1951.

*John W. Giesecke, Esq.*, for the petitioner.
*E. L. Corbin, Esq.*, for the respondent.

428

**OPINION.**

Van Fossan, *Judge:* In these proceedings petitioner seeks to deduct from gross income the losses sustained in the taxable year on the sale of two pieces of real property. This property was part of the corpus of a trust of which petitioner is sole beneficiary.

In June of 1933, petitioner's mother, Annie E. Meier, created a trust naming herself as sole beneficiary during her lifetime and reserving to herself the right to alter, modify or revoke. After her death the income was to be distributed between her two daughters. Annie E. Meier died in.1937 without having exercised her right to revoke. One of the surviving daughters died in 1944 and petitioner is now the sole remaining beneficiary under the trust with a testamentary general power of appointment.

Some years prior to the creation of the trust the grantor had purchased a participating interest in two mortgages. In 1932 one of the mortgages was foreclosed, grantor receiving a fractional interest in the real property which had secured it. This fractional interest, together with the participating interest in the second mortgage, was turned over to the trustee as part of the original assets of the trust. Subsequently, the second mortgage was also foreclosed and the trust received a fractional interest in the real property that had been se-

curity for it. In the taxable year both fractional interests were sold over the objection of the trustee, Giesecke. In each instance a loss was sustained. These losses totaled $3,660.87, and petitioner, on her individual income tax return for 1945, claimed a deduction for $1,000 of the amount as a capital loss. The respondent disallowed this deduction.

Although the parties have stipulated that one of the questions involved is the determination of "Whether the losses on the sale of the real estate in which the trust had fractional interests are capital or ordinary losses," the respondent asserts on brief that he "* * * has made no contention whatever with respect to whether the loss was a capital loss or an ordinary loss; nor is he making any such contention now." Rather, respondent takes the position that petitioner sustained no loss at all on the sale of the trust assets and is entitled to no deduction therefor in computing her taxable net income. He argues that the losses sustained upon property held in trust are deductible, if at all, by the trust estate and not by the beneficiary.

It is beyond dispute that a trust estate is a distinct tax entity, e. g., *Anderson* v. *Wilson*, 289 U. S. 20 (1933), sections 161 and 162, Internal Revenue Code. However, where a grantor retains such powers of revocation and control as to constitute him still the virtual owner he has been held to be taxable on the income of the trust under section 22 (a), Internal Revenue Code.[1] *Helvering* v. *Clifford*, 309 U. S. 331. This doctrine has been extended to include others than the grantor where such others have power to appoint the corpus to themselves, or have such control as would render the grantor taxable. *H. S. Richardson*, 42 B. T. A. 830, affd., 121 Fed. (2d) 1, certiorari denied, 314 U. S. 684, rehearing denied, 314 U. S. 714; *Jergens* v. *Commissioner*, 136 Fed. (2d) 497, affirming a Memorandum Opinion. See, also, Regulations 111, section 29.22 (a)–22. Under these circumstances the taxpayer is allowed such deductions with respect to the corpus as he would have been allowed had the trust not been created. See Regulations 111, section 29.166–2 (c).

---

[1] SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal. growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. In the case of Presidents of the United States and judges of courts of the United States taking office after June 6, 1932, the compensation received as such shall be included in gross income; and all Acts fixing the compensation of such Presidents and judges are hereby amended accordingly. In the case of judges of courts of the United States who took office on or before June 6, 1932, the compensation received as such shall be included in gross income.

This brings us to the specific question of whether the petitioner, in view of the trust provisions set out above, may be treated as the owner of the corpus, taxed under section 22 (a), *supra*, on the income received by the trustee during the taxable year, and hence be entitled to the deduction here in dispute.

The answer to this question must be in the negative. In the *Clifford* case, *supra*, the court laid considerable stress on the relative factor that the grantor reserved broad powers of management and control. That is not the case here as respects the taxpayer-beneficiary. The management and control of the trust corpus were reposed exclusively in the trustee. The beneficiary was not, as a matter of right, entitled to any part of the corpus excepting that part which, in the sole discretion of the trustee, was necessary to augment the income of the trust to provide for her "* * * care, support, maintenance, comfort and welfare * * *." That no part of the corpus was to be paid out to the petitioner without the trustee exercising independent judgment as to the necessity for such action is further indicated by the purposes of the trust. The trust was created not only for the benefit of the grantor but for her two daughters, one of whom was an inmate of an asylum in Alsace. True, the trust indenture was drawn in contemplation of the fact that the grantor might have occasion to withdraw part or all of the corpus. This power of revocation reserved by the grantor was personal to her and exercisable solely by her. Inasmuch as she died without having exercised it, this power of revocation died with her. Petitioner's rights under the trust did not come into existence until her mother's death. She took the benefits of the trust stripped of the right of revocation. She received the right to the income for life and a power of appointment exercisable by will to designate the remainderman who would take upon the termination of the trust. While petitioner, as donee of the testamentary power of appointment has as full control over the property upon her death to dispose of it by will as if she had been the owner, it does not follow that she possesses such control during her lifetime as would be equivalent to full ownership. *Commissioner* v. *Bateman* (CCA-1, 1942), 127 Fed. (2d) 266. Furthermore, the fact that she has exercised the power in favor of her own estate does not enhance her position with respect to the trust assets, nor give her any more attributes of present ownership. In short, having in mind the broad powers possessed by the trustee under the trust, it cannot be said that petitioner is able to exercise such control over the corpus as to justify disregarding the separate taxable entity of the trust and to warrant taxing her under section 22 (a), *supra*, on the income of the trust as the virtual owner of its assets. Therefore, it does not appear that she would be entitled to deduct the losses sustained by the trust in computing her personal net income subject to tax.

Petitioner cites respondent's Regulations 111, section 29.166-2 (c), *supra*, for the proposition that bare legal title such as that of a trustee is never a title of such adverse substance as to defeat the tax liability of the grantor on the income of a revocable trust. Petitioner reasons that she should be taxable under Regulations 111, section 29.22 (a)-22 for the income of the trust and hence entitled to deductions for all losses incurred by it. Admitting the existence and validity of the Regulation, we are unable to agree that petitioner comes within its scope.

Petitioner also argues that, since the 1942 amendment of the Internal Revenue Code,[2] the trust corpus which is subject to her general power of appointment has become a part of her estate for estate tax purposes, and that this indicates the intent of Congress that the property should be a part of her estate for purposes of both the income tax and the estate tax. The claimed consequence does not necessarily follow. Such an important matter would not be left to inference or conjecture. So to interpret the estate tax law would take us beyond the field of construction or interpretation into the field of legislation.

The respondent did not err in his disallowance of a deduction in petitioner's gross income for the loss sustained on the sale of trust assets.

*Decision will be entered for the respondent.*

---

[2] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

* * * * * * *

(f) POWERS OF APPOINTMENT.—

(1) IN GENERAL.—To the extent of any property (A) with respect to which the decedent has at the time of his death a power of appointment, or (B) with respect to which he has at any time exercised or released a power of appointment in contemplation of death, or (C) with respect to which he has at any time exercised or released a power of appointment by a disposition intended to take effect in possession or enjoyment at or after his death, or by a disposition under which he has retained for his life or any period not ascertainable without reference to his death or for any period which does not in fact end before his death (i) the possession or enjoyment of, or the right to the income from, the property, or (ii) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom ; except in case of a bona fide sale for an adequate and full consideration in money or money's worth.