George C. Reeves and Elsie B. Reeves v. Commissioner.
Reeves v. Commissioner
Docket No. 55417.
United States Tax Court
T.C. Memo 1956-76; 1956 Tax Ct. Memo LEXIS 219; 15 T.C.M. (CCH) 394; T.C.M. (RIA) 56076; March 29, 1956
*219 Held, that loss deductions claimed by the petitioners in their individual tax returns for the years 1950 and 1951 on account of losses allegedly incurred by a trust of which one of the petitioners was a life income beneficiary are disallowed. George C. Reeves, 2-C Eastway, Greenbelt, Md., pro se. A. Russell Beazley, Jr., Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The Commissioner determined deficiencies in the income taxes of the petitioners as follows: 1950, $130.16; 1951, $490.52; 1952, $45.98. The issues are (1) whether the respondent was correct in disallowing certain loss deductions taken by a life income beneficiary of a trust in her individual tax returns for 1950 and 1951 for losses allegedly sustained by the trust on *220 its investments, and (2) whether certain increases determined by the respondent in the distributable trust income to be included in petitioners' income for 1950, 1951, and 1952 are correct. [Findings of Fact] George C. Reeves and his wife, Elsie, residents of Greenbelt, Maryland, filed joint income tax returns for the years 1950, 1951, and 1952, and an amended joint return for the year 1950, with the then collector of internal revenue for the district of Maryland at Baltimore, Maryland. Elsie B. Reeves will hereinafter be referred to as the "petitioner." Petitioner is the income beneficiary for life of an inter vivos trust created June 10, 1921, by her mother, Mary Thayer Birch. The income of the trust was payable to the grantor for her life, and then the income was to be paid to the petitioner for life. Upon the petitioner's death the income from the trust was to be paid to her children, if any, otherwise the corpus was to be divided equally among certain designated parties. Mary Thayer Birch, the grantor, did not retain any power to revoke, modify, or terminate the trust, and she did not reserve any power of appointment over the income or corpus of the trust. Similarly, *221 the petitioner was granted no right to revoke, modify, or terminate the trust, nor did she have any powers of appointment over the income or corpus of the trust. She merely succeeded to the income of the trust when May Thayer Birch died February 22, 1933. Petitioner, in her 1950 income tax return, reported distributable income from the trust in the amount of $419.30, and took a $693.63 deduction for losses from the sale of property other than capital assets. The respondent increased the distributable trust income to $519.30 and disallowed the loss deduction. [1] In 1951, petitioner did not report any distributable trust income and took a deduction of $1,485.55 for losses allegedly incurred by the trust. The respondent determined distributable trust income in the amount of $808.96, and disallowed the loss deduction. In 1952 the petitioner reported income distributable from the trust in the amount of $966.44. The respondent determined that the correct amount for such income in 1952 was $1,153.38. *222 [Opinion] Petitioner does not offer any argument or evidence to show that the respondent was wrong in making the corrections in the amounts of distributable income from the trust in the years involved. We must assume, therefore, that no controversy exists over these corrections, and we hold that the amounts of distributable income included by the respondent in petitioner's income tax for the years 1950, 1951, and 1952, are correct. In 1950 the petitioner took a loss deduction in her individual income tax return for a loss allegedly incurred by the trust in the amount of $693.63. All that we can determine is that the purported loss arose in connection with the settlement of certain mortgage participation certificates. There is no evidence to substantiate these losses, and we have been shown no proof to establish these losses were sustained in the taxable year 1950. We hold therefore that the respondent was correct in disallowing the loss deduction of $693.63 claimed by the petitioner in 1950. In 1951 the petitioner took a loss deduction in her individual tax return for a loss allegedly incurred by the trust in the amount of $1,485.55. It is the petitioner's contention that *223 she, as a life income beneficiary, is entitled to deduct this loss incurred by the trust. There is no convincing evidence to show that these losses took place in 1951; the petitioner has not carried her burden of proof to show that she is entitled to these loss deductions. There is some confused testimony, much of it irrelevant, but there is nothing in the record which enables us to find that these losses were incurred in 1951. We hold the respondent was correct in disallowing the loss deduction of $1,485.55 claimed by petitioner in 1951. Even if we assume that the losses were incurred by the trust in 1950 and 1951, there is no merit in petitioner's contention that a life income beneficiary of an irrevocable trust, without powers to modify, revoke, or terminate the trust and without any powers of appointment over the income or corpus of the trust, is entitled to claim on her individual income tax return a loss incurred by the trust. A similar argument was rejected by this Court in Marie E. Meier, 16 T.C. 425, and we believe that case is controlling here. See also section 24(d) of the 1939 Internal Revenue Code. We hold that the respondent was correct in disallowing the *224 loss deductions claimed by the petitioner in her individual income tax returns for the taxable years 1950 and 1951. Decision will be entered for the respondent. Footnotes
1. The Commissioner determined the 1950 deficiency, $130.16, on the basis of the original return filed by the petitioner for that year. In an amended income tax return filed for 1950, a larger amount was deducted as a loss incurred by the trust; but the petitioner has conceded that the deficiency of $130.16 is correct if we decide in favor of the Commissioner on the issue involved, and he apparently abandons any contention based upon the amended return.↩